## TOM BERKLEY *v.* THE STATE.

1. NEW TRIAL. — Though improper to hear and overrule a defendant's motion for a new trial when he is not present in court, it is competent for the court to set aside the order so entered, and, when the defendant is present in court, again consider and overrule his motion.

2. SAME. — At the instance of counsel for defendant, the court below twice postponed action on his motion for a new trial, and ultimately overruled it while the counsel was absent from the court-room. It does not appear that the counsel's absence was involuntary or unavoidable, or that injury resulted to the defendant, and no steps were taken by the counsel in the court below to rectify the matter. *Held*, that no error is apparent.

APPEAL from the District Court of Washington. Tried below before the Hon. E. B. TURNER.

The appellant was indicted for the murder of Reuben Baldridge, convicted of manslaughter, and awarded five years in the penitentiary. The evidence makes a case of mutual conflict, provoked by the accused, but without homicidal intent. The parties were negroes.

No brief for the appellant.

*George McCormick,* Assistant Attorney-General, for the State.

WINKLER, J. The following bill of exceptions, set out in the transcript, contains the only matter presented by the record for consideration:

" Be it remembered that on the second day of February, A. D. 1878, when the court was calling the motion-docket, and when the motion for a new trial in this cause was called, defendant's counsel asked the court to postpone the call of said motion at that time, because said counsel was not prepared to say that said motion would be pressed; whereupon, said motion was passed by the court for another case. And on the — day of February, 1878, when a number of parties who had been convicted were brought into court by the sheriff to be sentenced, the court was informed by counsel for the defendant that the motion in this cause would be pressed, and the said counsel desired to be heard; whereupon, said motion was again postponed. And on the 8th day of February, 1878, in the absence from the court-house of the defendant and his counsel, the court overruled the motion herein, and at a subsequent hour on said day, when defendant's counsel came into court, the court informed said counsel of said

action of the court; whereupon, the defendant's counsel excepted to the action and ruling of the court, and, in open court, gave notice of appeal. Afterwards, to wit, on the 18th day of February, 1878, after defendant's counsel had left the court-house and town, the defendant was, on motion by the district attorney, brought into court, and the order of the court overruling said motion for a new trial was set aside by the court; and, the defendant being in court, said motion was by the court again overruled, and the defendant excepted to said action and ruling of the court, and gave notice of appeal to our Court of Appeals; and the defendant tenders this his bill of exceptions, which is signed by the presiding judge and filed February 20th, 1878.''

This bill of exceptions presents two questions: first, did the court err in considering the motion for a new trial in the absence from the court-room of the counsel for the accused? and, second, did the court err in overruling the motion of the accused for a new trial? Whilst the court should have caused the accused to be brought before it at the hearing of the motion, still it was competent for the court to set aside the order taken in the absence of the accused, and to again, in his presence, hear and determine the motion. 3 Texas Ct. App. 437, and authorities there cited; *Krautz* v. *The State*, decided at the present term, *post*.

The precise objection here taken, however, is that the action complained of is that the motion for a new trial was finally considered, not in the absence of the accused, but in the absence of his counsel. The right of a party to be heard by counsel cannot be questioned, and the importance of this right is recognized at every stage of the proceeding, and at every stage of the trial; and we are not prepared to say that a case may not arise in which such absence might be sufficiently prejudicial to the rights of one whose life or liberty was at stake to require the interposition of the

court on appeal, if promptly met at the first opportunity. Yet this cannot be considered such a case. It is not shown that the counsel was unavoidably absent from the court-room at the time the motion for a new trial was overruled, or that any injury resulted to the accused on account of such absence, nor does it appear that any steps were taken in the court below to have the supposed error corrected; whilst it is shown by the bill of exceptions above set out, not only that the counsel knew that the motion was pending, it being his own motion, but that the court had, on two several occasions, postponed the consideration of the motion on the suggestion of the counsel himself.

We may add, further, that whilst we would not be understood as intimating the fact to be, and whilst the known standing of the counsel precludes the idea, yet there is nothing in the record to negative the idea that the absence of the counsel was not only voluntary on his part, but designedly so. As we find this question presented in the record, we find no such injury resulting to the appellant as would warrant a reversal on appeal, arising upon the naked fact that the counsel was not in court at the time the appellant's motion for a new trial was considered and overruled in the court below.

As to the other and more important question: Did the court err in overruling the motion for a new trial? It will be observed that the principal grounds upon which the motion is based are (1) the insufficiency of the evidence to support the verdict, and (2) supposed error in the charge of the court. As to the evidence, if it was as set out in the statement of facts embodied in the transcript, and agreed to by counsel, both for the State and the accused, and certified by the presiding judge as true, it is amply sufficient to support the verdict and judgment.

A careful examination of the charge of the court shows that the jury were properly instructed as to the law of

the case as developed by the testimony. There was no error in overruling the motion. The indictment was sufficient, and in fact no objection seems to have been taken to it, either before the trial, in arrest of judgment, or otherwise.

The charge of the court, it would seem, was satisfactory to the accused and his counsel at the time it was delivered, as no exception was taken to it at the time, and no additional instructions were asked by either party.

The trial appears to have been conducted with due regard to the requirements of law and the rights guaranteed by the law to the accused; and the judgment of the District Court is affirmed.

*Affirmed.*